IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GENESIS HEALTH CLUBS OF THE MIDWEST LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 19-CV-00785-DGK |
| 24 LLC, | ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO ABSTAIN AND GRANTING DEFENDANT'S ALTERNATE MOTION TO STAY

This is a declaratory judgment and breach of contract claim action arising out of a lease agreement between landlord-defendant 24 LLC and tenant-plaintiff Genesis Health Clubs of the Midwest LLC ("Genesis"). Now before the Court is Defendant 24 LLC's motion to dismiss on abstention-doctrine grounds (Doc. 9), or alternately, to stay the case. Having weighed the pertinent factors, the Court finds no reason to abstain from exercising its jurisdiction in this case, but finds a stay is warranted. 24 LLC's motion is therefore DENIED as to abstention but its request for a stay is GRANTED.

**Background**

In November 2018, 24 LLC filed a breach of lease action in Missouri state court, seeking damages for Genesis' failure to pay rent and taxes. Per the scheduling order entered in that case, the parties had until May 9, 2019, to amend their pleadings. On May 28, 2019, after the deadline to amend had passed, Genesis learned of an alleged material alteration to a Reciprocal Easement Agreement ("REA") to the original lease. That amendment allows the construction of a building six-times the size originally allowed under the REA and eliminates parking 24 LLC promised to

Genesis.

Under the lease, any alterations to the REA require Genesis' prior written consent. On August 6, 2019, Genesis provided notice to 24 LLC of the alleged default in the REA amendment. 24 LLC responded a month later claiming that Genesis' prior breach—the subject of the ongoing state court dispute—eliminated any recourse Genesis had to recover under the lease.

The breach of contract claim by 24 LLC against Genesis is currently pending in Missouri state court. In the meantime, Genesis brought this suit alleging a breach of the REA.

## Standard of Review

In general, federal court abstention from exercising jurisdiction is disfavored. *See Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 792 (8th Cir. 2008) ("Although rare, federal courts may sometimes refrain from exercising jurisdiction over a case properly filed in federal court."). Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976). But when an action brought in federal court under the Declaratory Judgement Act has a parallel proceeding in state court, federal courts have greater discretion to abstain. *Royal Indem. Co*, 511 F.3d at 792.

The Declaratory Judgment Act, 28 U.S.C. § 2201 (2012), eases a federal court's obligation to exercise jurisdiction. The Act dictates that a federal court "*may* declare the rights and other legal relations of any interested party seeking such declaration." § 2201(a) (emphasis added). This grants district courts the "unique and substantial discretion in deciding whether to declare the rights of litigants" or to abstain in deference to a parallel state suit. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

A federal court has more discretion in deciding whether to issue a stay. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the

causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382, 387 (8th Cir. 1983) (holding that a district court has the "inherent power" to stay litigation "to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it"). A stay should be entered only where it is a proper exercise of the court's discretion, *Rhines v. Weber*, 544 U.S. 269, 276 (2005), and the proponent of the stay bears the burden of establishing the need for a stay. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

## Discussion

Before this Court can decide whether abstention is warranted, it must first determine whether the state-court proceeding between the parties is parallel to this federal action. Proceedings are parallel if "substantially the same parties litigate substantially the same issues in different forums." *Scottsdale Inc. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) (quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Worker of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991). The parties dispute whether the initial state-court proceeding is parallel to this suit.

The threshold issue here is whether the issues at stake are substantially similar, since the parties are the same in both this suit and the state-court proceeding. In *Brillhart v. Excess Ins. Co. of Am.*, the district court was directed to "ascertain whether the questions in controversy between the parties to the federal suit . . . can be better settled in the proceeding pending in the state court." 316 U.S. 491, 495 (1942). This involved looking into the scope of the state-court proceeding and considering, among various factors, whether the "claims of all parties in interest can be satisfactorily adjudicated in that proceeding" and the judicial economy of proceeding with two

3

suits. *Id.*

Looking first to judicial economy, this is not a case where the same question is being litigated before both the state and federal courts. The issue being litigated in federal court is distinct from the issue currently being litigated in state court. While the state court could conceivably handle both claims, Genesis did not discover the amendment to the REA until after the state-court deadline to amend pleadings had passed. Under Missouri Supreme Court Rule 55.32(a), a party must bring any compulsory counterclaims "at the time of serving the pleading" against the opposing that "arises out of the transaction or occurrence." But for a party to do so, that claim must be known at the time. *Adamson v. Innovative Real Estate, Inc.*, 284 S.W.3d 721, 731 (Mo. Ct. App. 2009) (citations omitted) ("In order for the compulsory counterclaim rule to be applicable, the claim asserted must have matured at the time the pleadings were served in the previous case."). Genesis did not learn of the amendment to the REA until well after it served its pleading on 24 LLC in state court. Therefore, this claim is not a compulsory counterclaim under Missouri state law.

Although the state court could allow Genesis to amend its pleadings now to include this issue, that might or might not improve judicial economy, because the state court would likely have to reset the trial date in order for the parties to conduct discovery on this newly added claim. Thus, even if this Court could say with confidence that the state court would allow the late amendment, the Court cannot say judicial economy would be improved by abstaining.

Next the Court considers whether the interests of the parties at stake in this litigation can be satisfactorily adjudicated in the ongoing state case. In its Amendment by Interlineation, 24 LLC seeks only damages for rent and various fees. Importantly, it does not seek to repossess the premises. Therefore, if 24 LLC receives what it is asking for in that case, the issue in the instant

litigation—the alleged alteration to the REA—will not have been resolved.

While 24 LLC is correct that both this case and the state case deal with Missouri landlord-tenant law, under Missouri law, commercial lease covenants are "mutually independent promises *unless* expressly made dependent." *C & J Delivery, Inc. v. Vinyard & Lee & Partners, Inc.*, 647 S.W.2d 564, 568 (Mo. Ct. App. 1983) (emphasis in original). Independent covenants do not allow the breach of one agreement to excuse the performance of a second agreement. *Fischer v. Nat'l Indus. Servs., Inc.*, 735 S.W.2d 114, 116 (Mo. Ct. App. 1987). Because the REA is a covenant in a commercial lease, it is a mutually independent promise. Therefore, 24 LLC's alleged breach of the lease does not excuse Genesis' failure to perform under the REA. Ultimately, then, the state-law suit and the instant suit are do not raise the same issue because each arises out of a separate, independent promise.

In considering judicial economy, the interests of the parties, and the specific claims arising in the two suits, this Court holds that the state-court suit and the instant suit are not parallel. Because there is no parallel state-court proceeding, the Court has limited discretion to abstain. *Scottsdale Ins. Co.*, 426 F.3d at 999; *Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coops., Inc.*, 48 F.3d 294, 297 (8th Cir. 1995) (citing *Colo. River Water Conserv. Dist.*, 424 U.S. at 817) (holding that the mere fact of a pending state proceeding is insufficient grounds to abstain).

Instead, the Court's decision whether to abstain is dependent on six factors:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the [federal] proceeding; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (5) whether permitting the federal action to go forward

> would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law'; and (6) whether the declaratory judgment action is being used merely as a device for 'procedural fencing'—that is, 'to provide another forum in a race for res judicata' or 'to achiev[e] a federal hearing in a case otherwise not removable.'

*Scottsdale Ins. Co.*, 426 F.3d at 998 (quoting *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998) (internal citations omitted)).

Applying these factors to the present case, the Court holds as follows. First, were this Court to issue a declaratory judgment, it would serve a useful purpose in clarifying and settling the legal issue as to whether 24 LLC breached the REA, and if so, what Genesis' rights are. This factor favors not abstaining.

Second, were this Court to issue a declaratory judgment, it would terminate and afford relief to the parties from the uncertainty, insecurity, and controversy giving rise to the filing of the instant suit. This factor also favors not abstaining.

Third, Missouri has a strong interest in deciding state-law issues in its own courts, especially when a related case is already pending there, a factor which favors abstention.

Fourth, the issues in this case can be resolved with equal ease in either state or federal court. Both courts are fully capable of efficiently determining whether 24 LLC breached the REA and what, if any, remedies Genesis may have. Perhaps the issues raised in the instant case could be resolved with slightly more efficiency in the state court, as it has more experience with the state-law landlord-tenant dispute. Thus, this factor favors abstaining.

Fifth, permitting this action to go forward will not result in any unnecessary entanglement between the state and federal courts. Because the state-law case and the instant case arise out of independent covenants, there is no danger of incongruent outcomes. This is particularly true if the

Court stays this litigation until the state case is resolved, where the outcome may make this case moot. The fifth factor favors not abstaining.

Finally, there is no procedural fencing here because the state-court case and this case do not overlap. Whatever the outcome in state court, it will not preclude this claim here. And this case is removeable under diversity jurisdiction and not a matter of attempting to get around jurisdictional limits. This factor also favors not abstaining.

Taken together, the *Scottsdale* factors on balance do not favor abstention, and so this portion of 24 LLC's motion is denied. But that is not the end of the analysis.

Turning to 24 LLC's alternate request to stay this litigation, the Court holds that due to the possibility that a state court judgment could terminate Genesis' possession of the property and moot this litigation, this Court will stay the current proceedings until the state-court proceedings have reached a final judgment.

## Conclusion

This Court will not abstain from hearing this case, and so 24 LLC's motion is DENIED IN PART. However, because the state-court ruling may make the instant case moot, 24 LLC's motion to stay proceedings is GRANTED, pending the resolution of the state-court litigation.

**IT IS SO ORDERED.**

Date:  January 24, 2020  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT